STATE OF HAWAI`I, Plaintiff-Appellee,
v.
ANTHONY JAQUIAS, Defendant-Appellant.
No. 29321.
Intermediate Court of Appeals of Hawaii.
August 27, 2009.
On the briefs:
Ian K. Jung, (Hempey & Meyers LLP), for Defendant-Appellant.
Tracy Murakami, Deputy Prosecuting Attorney, County of Kauai, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Acting C.J., FOLEY and NAKAMURA, JJ.
Defendant-Appellant Anthony Jaquias (Jaquias) appeals from the Judgment of Conviction and Probation Sentence filed on July 24, 2008 in the Circuit Court of the Fifth Circuit (circuit court).[1]
On appeal, Jaquias contends (1) the circuit court committed plain error in failing to instruct the jury that the State of Hawai`i (State) must prove beyond a reasonable doubt that Jaquias's alleged threat was a "true threat" and (2) he received ineffective assistance of trial counsel because counsel failed to request such a jury instruction.
The State agrees that the circuit court erred by failing to instruct the jury regarding a "true threat," but argues that such error was harmless. The State also contends the circuit court's failure to instruct the jury that it must consider the relative attributes of Jaquias and the complainant was also harmless error.
On November 23, 2007, the State charged Jaquias by Complaint with Terroristic Threatening in the Second Degree, in violation of Hawaii Revised Statutes (HRS) §§ 707-715 (1) (1993) and 707-717 (1993). Jaquias's jury trial commenced on April 21, 2008 . The State and defense counsel agreed on twenty-one standard jury instructions. The State requested that three additional instructions be given, including the following Instruction No. 1:
In the Complaint, the Defendant is charged with the offense of Terroristic Threatening in the Second Degree.
A person commits the offense of Terroristic Threatening in the Second Degree if, with the intent to terrorize or in reckless disregard of the risk of terrorizing another person, he threatens, by word or conduct, to cause bodily injury to another person.
There are two material elements of the offense of Terroristic Threatening in the Second Degree, each of which the prosecution must prove beyond a reasonable doubt.
These two elements are:
1. That on or about 22nd day of October, 2007, in the County of Kauai, State of Hawaii, the Defendant threatened, by word or conduct, to cause bodily injury to another person; and
2. That the Defendant did so with the intent to terrorize or in reckless disregard of the risk of terrorizing that person.
The instruction was based upon Hawai`i Standard Criminal Jury Instruction 9.32. Defense counsel agreed to the instruction, and the circuit court read it to the jury. The jury convicted Jaquias as charged, and the circuit court filed the judgment on July 24, 2008 . Jaquias timely appealed.
The circuit court failed to provide the proper jury instruction regarding a true threat. As amended in 2007, Hawai`i Criminal Jury Instruction No. 9.32 requires:
The prosecution also must prove beyond a reasonable doubt that the threat was objectively capable of causing fear of bodily injury in a reasonable person at whom the threat was directed and who was familiar with the circumstances under which the threat was made, and:
(1) the threat on its face and in the circumstances in which it was made must have been so clear, unconditional, immediate, and specific as to the person threatened, that the threat communicated a seriousness of purpose and an imminent likelihood of being carried out; or
(2) the Defendant possessed the apparent ability to carry out the threat, such that the threat was reasonably likely to cause fear of bodily injury in (name of complainant).
(Emphasis in first paragraph added.) State v. Valdivia, 95 Hawai`i 465, 477, 24 P.3d 661, 673 (2001) (State must prove beyond a reasonable doubt that threat was a true threat); State v. Martins, 106 Hawai`i 136, 144, 102 P.3d 1034, 1042 (2004) (true threat instructions must be given in all terroristic threatening cases).
"We hold that an appellate court will reverse for plain error in jury instructions where the error cannot be said to be harmless beyond a reasonable doubt (i.e. considering the record as a whole, there is a reasonable possibility that the error contributed to the defendant's conviction)." State v. Nichols, 111 Hawai`i 327, 329, 141 P.3d 974, 976 (2006). There is a reasonable possibility that the failure to properly instruct the jury on the offense of Terroristic Threatening in the Second Degree contributed to Jaquias's conviction.
Because the circuit court plainly erred by failing to provide the proper jury instructions and the error was not harmless, we need not address Jaquias's other point of error.
Therefore,
IT IS HEREBY ORDERED that the Judgment of Conviction and Probation Sentence filed on July 24, 2008 in the Circuit Court of the Fifth Circuit is vacated, and this case is remanded for a new trial.
NOTES
[1] The Honorable Randal G.B. Valenciano presided.